**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PATRICK WELLS BYRNE,

Plaintiff,

v. CASE NO. 0:24-cv-61276

GOODWILL SOUTH FLORIDA TEP, LLC,

Defendant.
_________________________________/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Despite Plaintiff's attempt to manufacture in his response a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* (hereinafter, the "FLSA"), Defendant's, GOODWILL SOUTH FLORIDA TEP, LLC, (hereinafter "Goodwill"), Motion for Summary Judgment [ECF No. 25] should be granted because Plaintiff remains unable to establish his claim. In support of its Motion for Summary Judgment, Goodwill further states in reply:

**I. Plaintiff's New Theory.**

Originally, Plaintiff contended that the overtime he is seeking in this action was the difference between 48 hours per week minus the hours Goodwill already paid him, and that the overtime accrued when he: (1) arrived to work one hour early and left one hour late to "properly open and close the operation"; (2) traveled to Wisconsin in December 2022 and was required to work "at all hours of the day and night"; and (3) did not take a proper lunch because Goodwill "did not provide Plaintiff the privacy to take one." [ECF No. 1 (Compl.) ¶¶ 8-9, 11; ECF No. 1-3 ("Statement of Claim"); ECF No. 24-2 ("Pl.'s Dep.") at 9:12-12:3, Ex. 2 (pp. 92-98) at Nos. 3-4, 6-8].

In his response, filed a month after the close of discovery[1], Plaintiff has divided his claim into eight periods[2], appears to have abandoned his claim regarding the Wisconsin trip, and instead of not having the "privacy" to take lunch he now contends that he clocked out for lunch but did not actually take one.

### II. This Court Should Not Consider Allegations Based on Text Messages that were not Produced in Discovery.

A large portion of Plaintiff's case is based on his contention that he stayed past his normal 4:30 p.m. end time to wait for TOPS! to arrive. To support his case, Plaintiff relies on text messages purportedly with Martin that were not produced in discovery, or at any point in this litigation, even though they were responsive to Goodwill's Request for Production. [ECF No. 33 ¶¶ 55-56; Pl.'s Dep. Ex. 4 (pp. 99-102) at Nos. 1-2, 4, 11, 16-24, 28), Ex. 5 (pp. 103) at PLA0005-53, Ex. 12 (pp. 200-203) at PLA0001-4, Ex. 13 (pp. 204-232) at PLA00054-82].

"[A] party who violates Rule 26(a) or (e) cannot use that information . . . '[on a motion . . .] unless the failure was substantially justified or is harmless.'" *Nymbus, Inc. v. Chrome Fed. Credit Union*, No. 18-CV-25081-MCALILEY, 2021 U.S. Dist. LEXIS 113706, at *12 (S.D. Fla. June 3, 2021) (quoting and citing Fed. R. Civ. P. 37(c)(1)). "Courts consider three factors in making this determination: (1) the non-disclosing party's explanation for failing to disclose the information, (2) the importance of the information, and (3) the prejudice to the opposing party if the information is admitted." *Id.* (citing

[1] "All discovery, including expert discovery, shall be completed" by January 14, 2025. [ECF No. 9 at p. 2].

[2] Plaintiff objected to Goodwill's demonstrative summary of pay and time records produced in this action, but his entire case rests on his summary of Goodwill's time records. [ECF No. 33 ¶¶ 32-36; ECF No. 33-1 at p. 12].

*Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008)). The "first and third factors, together, can outweigh the second." *Romero*, 552 F.3d at 1321; *see Nymbus*, 2021 U.S. Dist. LEXIS 113706, at *18 (excluding undisclosed evidence because of party's lack of substantial justification and the failure was not harmless). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009).

The Eleventh Circuit has found no abuse of discretion in the exclusion of evidence when the failure to disclose was based in part on a party's own lack of diligence. *See Romero*, 552 F.2d at 1322. Additionally, "[p]rejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents . . . in question." *Bowe v. Public Storage*, 106 F.Supp.3d 1252, 1260 (S.D. Fla. 2015) (citation omitted). In *Acafrao*, this Court found that, although the opposing party had the document in its possession, the failure to supplement discovery was not harmless because it introduced new issues after discovery closed, prevented relevant discovery, and forced the opposing party to prepare summary judgment arguments without knowing the document's intended use as a basis for the claim. *Acafrao v. United States Century Bank*, No. 09-21695-CIV-SEITZ/O'SULLIVAN, 2010 U.S. Dist. LEXIS 111183, at *9-11 (S.D. Fla. Aug. 4, 2010)

The text messages should be excluded because they were responsive to multiple requests for production and go to a central issue in Plaintiff's claim. Plaintiff produced the text messages for the first time in his response, after the close of discovery, and after his deposition, thereby foreclosing Goodwill's ability to conduct discovery on the issue.

### III. Plaintiff Cannot Create an Inference that He is Owed Overtime.

Assuming arguendo that this Court found that Goodwill did not keep adequate or complete records thereby shifting the burden to Goodwill, Plaintiff still has to meet the relaxed[3] standard of proving "that he has in fact performed work for which he was improperly compensated and produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Santiago v. Saunders*, No. 14-61505-CIV-MORE, 2015 U.S. Dist. LEXIS 93999, at *4 (S.D. Fla. July 20, 2015) (quoting *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)) aff'd 2017 U.S. App. LEXIS 28796, at *7 (11 Cir. Aug. 8, 2017) (holding that employee alleging unpaid overtime failed to establish employer knowledge where employer instructed him to record his hours, but he failed to do so and never followed up); *Gilson v. Indaglo, Inc.*, 581 F. App'x 832, 833 (11th Cir. 2014).

In *Gilson*, the Eleventh Circuit found that even if the burden was shifted, the employees "failed to introduce sufficient evidence supporting a 'just and reasonable inference,'" because they did not estimate the number of days or hours and thus "no reasonable juror could make a just and reasonable approximation of [their] undercompensated work hours." *Gilson*, 581 F. App'x at 833 (quoting *Allen*, 495 F.3d at 1316); *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) (affirming summary judgment in favor of employer after finding employee "failed to put forth evidence sufficient to demonstrate he ever worked for more than forty hours per week,"

---

[3] An employee who brings a lawsuit under the FLSA for unpaid overtime compensation and liquidated damages bears the initial burden of proving by a preponderance of the evidence that he performed the work for which he was not properly compensated. *See, e.g., Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1346 (S.D. Fla. 2008) aff'd, 302 F. App'x 905 (11th Cir. 2008).

where the approximate time sought was based on employee's recollection that he typically worked sixty hours a week).

Similarly in *Jackson v. Corr. Corp. of Am.*, 606 F. App'x 945 (11th Cir. 2015), the plaintiff failed to meet this relaxed standard because she never "stated with any clarity or precision the number of hours she allegedly worked, the amount or nature of that work, where or when the work was completed, or anything else that would assist a factfinder in approximating [the] unpaid overtime." *Id.* at 952-53 (citing *Allen*, 495 F.3d at 1316); *Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 375 (5th Cir. 2014) ("an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference.") (internal citations omitted); *Markov v. Golden Isles Cruise Lines, Inc.*, No. CV-215-018, 2016 U.S. Dist. LEXIS 36016, at *35 (S.D. Ga. Mar. 21, 2016) (self-serving evidence "without more, is insufficient to create a genuine issue as to the amount and extent of an employee's work as a matter of just and reasonable inference.").

Plaintiff's entire case rests on his own self-serving testimony that he worked in excess of 40 hours per week, testimony that has been refuted by Martin, Fernandez, Lattimore, and Plaintiff's former coworkers who saw him leave by 4:30 p.m. and take lunch. [ECF No. 24-5 ("Fernandez January Decl.") at ¶ 8; ECF No. 24-6 ("Martin Decl.") at ¶ 5; ECF No. 40-3 ("Fernandez March Decl.") at ¶ 5; ECF No. 40-4 ("Machado Decl.") at ¶ 9; ECF No. 40-5 ("Yanes Decl.") at ¶¶ 9-10; ECF No. 40-6 ("Lizca Decl.") at ¶¶ 9-10; ECF No. 40-7 ("Lattimore Decl.") at ¶ 4]. Plaintiff also does not state his hours with any precision, instead simply alleges that he worked 10 hours a day and manufactured eight

periods by back-filling time depending on what hours he gave Goodwill while employed. [ECF No. 35 at pp. 17-18].

Moreover, Plaintiff's reliance on the following cases for the proposition that his self-serving and uncorroborated declaration is sufficient to defeat summary judgment is misplaced. [ECF No. 35 at pp. 16-17]. In *Kinslow*, the court denied summary judgment because there were genuine disputes as to whether the plaintiffs were employees or independent contractors and the plaintiffs presented specific, corroborated evidence of uncompensated overtime, including work orders, emails, and deposition testimony showing they performed work outside their recorded hours and were not properly compensated. *Kinslow v. 5 Star Field Servs. Group, LLC*, No. 1:19-cv-1605-MLB, 2021 U.S. Dist. LEXIS 148492, at *14-16 (N.D. Ga. Aug. 9, 2021). Unlike in *Kinslow*, Plaintiff here relies solely on his own self-serving and inconsistent testimony, without any corroborating evidence to support his claims. Similarly, in *Maldonado* the employee proved that she performed uncompensated overtime work, and the employer admitted that she worked significant overtime without compensation. *Maldonado v. Alta Healthcare Grp., Inc.*, 17 F. Supp. 3d 1181, 1187-88 (M.D. Fla. 2014). No such admission exists here. To the contrary, Plaintiff's own time records and multiple witnesses contradict his claims. [Fernandez March Decl. ¶ 5; Machado Decl. ¶ 9; Yanes Decl. ¶¶ 9-10; Lizca Decl. ¶¶ 9-10; Lattimore Decl. ¶ 4].

*Solano* is likewise inapposite because the employee provided specific evidence identifying particular weeks in which he worked more than 40 hours without overtime compensation, the employer conceded that the employee worked overtime but disputed liability, and the employer had a defective record-keeping system; whereas here, Plaintiff

has failed to meet the relaxed burden of producing sufficient evidence for a just and reasonable inference to support his claim for unpaid overtime. *Solano v. A Navas Party Prod., Inc.*, No. 09-22847-CIV, 2011 U.S. Dist. LEXIS 4871, at *10-12, 33 (S.D. Fla. Jan. 12, 2011) (finding that "there was enough evidence supporting [employee]'s wage claims for Defendants to have lost" and "all parties were in agreement" that employee worked overtime). Finally, *Reese* and *Santelices* involve substantive disputes over FLSA misclassification and the plaintiffs' job duties, not a failure to report overtime or a lack of reasonable evidence supporting an overtime claim. *Reese v. Fla. BC Holdings, LLC*, No. 6:17-cv-1574-Orl-41GJK, 2020 U.S. Dist. LEXIS 257458, at *8-10 (M.D. Fla. Jan. 16, 2020); *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1328 (S.D. Fla. 2001) ("[A]lthough the Supreme Court established a standard for awarding damages when the evidence of damages is inexact or imprecise, it did not eliminate the employee's burden to prove that he has in fact performed work for which he was not paid.").[4] Plaintiff's reliance on these cases is misplaced because he has not produced any evidence beyond his own self-serving, contradicted testimony to establish that he actually worked off-the-clock or that Goodwill knew about it.

**IV. Plaintiff Cannot Prove Goodwill Knew He was Working Off-the-Clock.**

Plaintiff insists that Martin and Fernandez told him to work off-the-clock, but the only evidence supporting this is his own self-serving declaration, which Martin and Fernandez deny. [Fernandez January Decl. ¶ 8; Martin Decl. ¶ 5; Fernandez March Decl. ¶ 5].

[4] *De Lotta* is also distinguishable because the employer admitted "that it failed to pay [employee] overtime compensation as required by the FLSA" by defaulting. *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2010 U.S. Dist. LEXIS 61867, at *7 (M.D. Fla. June 4, 2010).

"'An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur.' But at the same time, 'where the employer encourages artificially low reporting, it cannot disclaim knowledge.'" *Gilbert v. City of Miami Gardens*, 625 F. App'x 370, 373 (11th Cir. 2015) (quoting *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1319 (11th Cir. 2007) and *Gaylord v. Miami-Dade Cnty.*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999)).

It is undisputed that Goodwill paid Plaintiff for the overtime he reported. [ECF 24-1 ¶¶ 9-11, Ex. 2 (DEF000118-165), Ex. 3 (DEF000166-210, 277-284), Ex. 4 (DEF000211-4). It is also undisputed that in September 2023 Plaintiff was told that he should not be working off-the-clock, processed hours for other employees, informed Goodwill that there was an issue with a paycheck for his vacation time after his termination, and did not keep any records for the overtime pay he now seeks. [ECF No. 24 ¶¶ 16-17, 19, 25, 28; ECF No. 33 ¶¶ 16-17, 19, 25, 28]. All of this occurred while and after Plaintiff went through similar litigation against his prior employer based on his general recollection of hours. [ECF No. 24 ¶ 1; ECF No. 24-3; ECF No. 24-4].

The only evidence indicating that Plaintiff was instructed to work off-the-clock is his own self-serving testimony, which is insufficient to preclude summary judgment. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Arasimowicz v. Sands Hotel, Inc.*, No. 07-80929-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 37826, at *4 (S.D. Fla. May 8, 2008) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)). "If the evidence advanced by the non-moving party 'is

merely colorable, or is not significantly probative, then summary judgment may be granted.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).

There is a plethora of evidence negating Plaintiff's declaration and demonstrating that Plaintiff has not made a significant probative showing that he is owed overtime. Plaintiff entered his own time and the time of other employees. [ECF No. 24 ¶¶ 19, 31]. He was told when hired, and about a month into his employment with Goodwill, that he could not work off-the-clock. [ECF 24-2 (Pl.'s Dep.) at 49:18-51:25, 59:20-60:1, Ex. 18]. He processed time for other employees and knew how to report issues with his time. [*Id.* at 39:23-40:11, 57:17-58:2, Ex. 13]. Finally, and significantly, Plaintiff was familiar with the FLSA as he was involved in prior litigation for unpaid overtime. [ECF No. 24 ¶ 11].

## V. Conclusion.

WHEREFORE, Goodwill respectfully requests this Court grant summary judgment in its favor along with such other and further relief as this Court deems just and proper.

Dated: March 12, 2025.

Respectfully submitted,

*/s/ Susan Potter Norton*
Susan Potter Norton, Esq.
Florida Bar No. 0201847
snorton@anblaw.com
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12, 2025, a copy of the foregoing was served via electronic mail to the following attorneys of record:

Elliot Kozolchyk, Esq.
ekoz@kozlawfirm.com
Koz Law, P.A.
800 East Cypress Creek Road, Suite 421
Fort Lauderdale, Florida 33334
Tel: (786) 924-9929
Fax: (786) 358-6071

*/s/ Susan Potter Norton*
Attorney